Cartjthers, J.,
delivered the opinion of the Court.
This action of trespass was brought against the plaintiffs in error to recover damages for an injury done to a slave. The defence relied upon, was, that the acts complained of were done in the exercise of the duty of a patrol, by Tomlinson, with the assistance of the others. The slave was found from home without a pass, and attempted to escape, when he was pursued, knocked down, and whipped. The pleas were not guilty, and a special plea setting up the authority of a patrol. The jury found against the pleas, and assessed the damages at *540 fifteen dollars. The errors assigned are upon the charge of the Court upon two points :
1. His Honor instructed the jury that they might find the defendants guilty for excessive punishment, although they may have been vested with the authority of a patrol, without a new assignment in the replication to that plea, or under a general replication, as the case was.
2. The Court refused to charge, that proof that Tomlinson was acting as patrol was sufficient, prima facie, to entitle him to that defence, without the record evidence of such appointment, but, in substance, held the contrary to be the law, or evaded the question.
On both points we are of opinion his Honor erred.
The plea justifies the act complained of upon the ground that Tomlinson was a patrol. The general replication only puts- that fact in issue. If the plaintiff intends to rely upon the fact that the chastisement was so excessive that it was not justified by the authority of the office, that must be put in issue by a special replication, in the nature of a new assignment. 2 Green. Ev., § 634. Unless this is done, there is no notice of the fact to be tried. The pleadings present nothing to be tried but the fact of the defendant’s official character; and if that be established, the verdict must be for him, and there is no other matter in issue. If the plaintiff chooses to rely upon excessive punishment, or improper exercise of authority by the defendant, he must make an issue upon that point by a special replication to that effect. This would confess the plea, but avoid its effect as a defence. In the section of 2 Greenleaf, cited above, several pertinent instances are given in illus *541 tration of this rule. In the preceding section, 683, it is stated as a general rule of pleading, that all matters ■which confess and avoid, whether alleged by the plaintiff or defendant, must be specially pleaded; otherwise the proof of them is not admissible. We are not aware that this rule has ever been changed. •
But on the second point the Court held, that although the question of excessive punishment was raised by the replication, yet the plaintiff could controvert the official capacity of the defendant, as set up in his plea. This is contrary to the authorities, which hold that “ the replication of excess admits the justification as alleged, and precludes the plaintiff from offering any evidence to disprove it.” 1 Stark. Rep., 56; 4 Camp., 219, cited in § 634, 2 Green. Ev. The two positions in the charge are, therefore, contradictory. One or the other must be erroneous. But they are both wrong as stated by the Court. We understand the law to be well settled, that when the official character of a party comes in question, proof that he has been in the undisturbed exercise of such office, raises a presumption that he has been duly appointed, until the contrary is made to appear by the party contesting it. This is an established exception to the rule that the best evidence of a fact, and none other, is admissible. 1 Green. Ev., §§ 83 and 92; 1 Philips’ Ev., 226; 2 Philips’, 544, notes. This exception is founded on general convenience, and is universally recognized. Proof, then, that a party has acted notoriously as a public officer, is prima facie evidence of his official character, without producing his commission or appointment. His Honor deprived-the defendant of the benefit of this rule, by refusing to charge it as requested; but *542 stated that if defendant believed he was a patrol, that should only save him from vindictive damages. This was not meeting the point at all, but virtually evaded it. Yet the effect was a rejection of the instructions requested on that point.
It is of great importance to society that these police regulations connected with the institution of slavery should be firmly maintained. The well being and safety of both master and slave demand it. The institution and support of the night-watch and patrol, on some plan, are indispensable to good order, and the subordination of slaves, and the best interests of their owners. But the authority conferred for these important objects must not be abused by those upon whom it is conferred, as it sometimes is by reckless persons.
In this case we give no opinion upon the conduct of defendants. If they exceeded the bounds of moderation in the injury inflicted, and transcended the limits prescribed by rhe law for the office of patrol, if it be found that they were entitled to that justification, then they will be liable under a verdict to that effect, on the proper issue to be raised by an amendment of the pleadings.
Judgment reversed.